UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY-ANNE PARKES,

               Plaintiff,

-against-

NYU LANGONE HEALTH; GRAMERCY
GYNECOLOGY; TEMITOPE AWOSOGBA,
MD,

               Defendants.

24-CV-8099 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action claiming federal question jurisdiction and diversity of citizenship jurisdiction, alleging claims in medical malpractice and negligence. By order dated November 20, 2024, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint naming as Defendants NYU Langone Health ("NYU"), Gramercy Gynecology, and Dr. Temitope Awosogba.[1] In August of 2020, Plaintiff went to see Dr. Awosogba at Gramercy Gynecology "for an annual exam/pap smear as well as to look into a large mass that had been protruding from [Plaintiff's] lower, right abdomen." (ECF 1 at 2.) Dr. Awosogba told Plaintiff that a subsequent magnetic resonance imaging ("MRI") test showed "a total of twelve fibroids" in Plaintiff's uterus, although Plaintiff

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

never saw the MRI results herself. (*Id.*)  On the advice of Dr. Awosogba, Plaintiff had fibroid removal surgery on October 28, 2020 which "lasted much longer than [Plaintiff] was told to expect." (*Id.*)  Plaintiff had multiple problems after the surgery, including issues with the "sutures/stitches"; scarring; "significant changes in" her menstrual cycles and bodily functions; vomiting; abdominal pain; cramping; and sciatic pain. (*Id.* at 3.)  Plaintiff also believes that the surgery will hinder any future attempts on her part to get pregnant and bear a child. (*Id.* at 4.)

Plaintiff sought medical care from other providers and, in 2023, doctors at John Hopkins performed an ultrasound of Plaintiff's uterus. (*Id.*)  The ultrasound revealed internal scarring that did not exist before the surgery, which Plaintiff claims shows that Dr. Awosogba lied to her, misled her, was negligent, and committed medical malpractice. (*Id.*)  Plaintiff further asserts facts suggesting that NYU falsified its medical records to cover up its culpability. (*Id.*)  Plaintiff seeks $616 million in damages for her physical symptoms, anxiety, and trauma. (*Id.* at 4.)

This matter was initially assigned to Chief Judge Laura Taylor Swain. On May 5, 2025, Plaintiff moved to have this matter reassigned. (ECF 7.)  On June 5, 2025, the matter was reassigned to my docket.

## DISCUSSION

A.     **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

The complaint fails to set forth facts suggesting that Plaintiff can state a claim falling under the Court's federal question jurisdiction.  Plaintiff invokes 22 U.S.C. § 2702, but that statute pertains only "to actions for malpractice of physicians who work for the Department of State or any other federal department, agency or instrumentality." *See Blades v. DeJoseph*, No. 20-CV-3239, 2020 WL 1902427, at *2 (D.N.J. Apr. 17, 2020) (quoting *Thomas v. Griffin Mem'l Hosp.*, 9 F.3d 1557 (10th Cir. 1993)).  Plaintiff does not allege that any Defendant named in this action works for the Department of State or any other federal department, agency or instrumentality.

Plaintiff also invokes 21 C.F.R. § 50.25, a regulation that applies "to clinical trials regulated by the Food and Drug Administration." *See Behm v. Mehaljevic*, No. 23-CV-2004, 2024 WL 916478, at *2 (N.D. Ohio, Mar. 4, 2024) ("Even liberally construed, the facts in this case do not suggest Plaintiff was part of an FDA [Food and Drug Administration]-regulated clinical drug trial.")  Plaintiff does not allege in her complaint that she was part of an FDA clinical drug trial.

Plaintiff thus fails to state a viable claim under both 22 U.S.C. § 2702 or 21 C.F.R. § 50.25, and the allegations in the complaint do not suggest that she can state any other claims arising under federal law.

**B.     Diversity of citizenship jurisdiction**

Plaintiff's allegations suggest medical malpractice or negligence claims, which fall under state law.  This Court could have jurisdiction over these state law claims only if the Court has diversity jurisdiction under 28 U.S.C. § 1332.  To establish diversity jurisdiction, a plaintiff must allege that  plaintiff is domiciled in a state where none of the defendants are domiciled . *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). A corporation is deemed to be domiciled in both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

Here, Plaintiff alleges that she is domiciled in New York State. Plaintiff provides New York addresses for NYU Langone Health and Gramercy Gynecology, and alleges that they are incorporated in and have their principal place of business in the State of New York. Because Plaintiff has not alleged facts demonstrating complete diversity of citizenship among the parties, the Court lacks diversity of citizenship jurisdiction of her state-law claims.[2] Accordingly, the Court dismisses Plaintiff's state-law claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**C.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Moreover, a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).

---

[2] The Court assumes for the purposes of this order that Plaintiff has sufficiently alleged that any state law claims she is asserting are worth more than the $75,000 jurisdictional minimum.

In an abundance of caution, and in consideration of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to file an amended complaint that includes facts showing that the court has subject matter jurisdiction of this action. If Plaintiff chooses to file an amended complaint, and if she invokes the Court's diversity jurisdiction, she must plead facts about the domicile of each Defendant.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The motion for case reassignment is denied as moot, and the Clerk of Court is directed to terminate that motion. (ECF 7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  June 9, 2025
         New York, New York

                                                              /s/ Kimba M. Wood
                                                              KIMBA M. WOOD
                                                    United States District Judge