UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIFFANY ANNE PARKES,

        Plaintiff,

-against-

NYU LANGONE HEALTH; GRAMERCY GYNECOLOGY,

        Defendants.

24-CV-8099 (KMW)

ORDER OF DISMISSAL

---

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint claiming federal question jurisdiction and diversity of citizenship jurisdiction, alleging that Defendants violated her rights. By order dated June 9, 2025, ECF No. 8, the Court directed Plaintiff to amend her complaint to address deficiencies in the original pleading. Plaintiff filed an amended complaint on July 7, 2025. The action is dismissed for the reasons set forth below.

## BACKGROUND

In the original complaint, Plaintiff named as Defendants NYU Langone Health ("NYU"), Gramercy Gynecology, and Dr. Temitope Awosogba.[1] (ECF 1.) Plaintiff resides in New York, and in the complaint she provided New York addresses for all Defendants. (*Id.*) According to Plaintiff, she sought medical treatment from Dr. Awosogba for a "large mass that had been protruding from" her abdomen." (ECF 1 at 2.)[2] After Plaintiff had "fibroid removal surgery" in

---

[1] The Court assumes familiarity with the June 9, 2025 order, which detailed Plaintiff's allegations.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

2020, on the advice of Dr. Awosogba, Plaintiff experienced multiple medical problems and painful conditions. (*Id.* at 3.) Plaintiff also stated her belief that she will now have a harder time getting pregnant. (*Id.* at 4.)

In 2023, doctors at John Hopkins took an ultrasound of Plaintiff's uterus, which revealed internal scarring that did not exist before the surgery. Plaintiff claimed that Dr. Awosogba lied to her, misled her, was negligent, and committed medical malpractice. (*Id.*)  Plaintiff also claimed that NYU falsified its medical records to cover up its culpability. (*Id.*) Plaintiff asserted that Defendants violated her rights under 22 U.S.C. § 2702, and she sought hundreds of millions of dollars in damages. (*Id.* at 4.)

By order dated June 9, 2025, the Court dismissed the complaint with leave to replead, for lack of subject matter jurisdiction. (ECF 8.) First, the Court noted that Plaintiff's allegations did not give rise to any federal claims. The federal statute to which Plaintiff cited, 22 U.S.C. § 2702, had no apparent relevance to the circumstances underlying her complaint. *See Blades v. DeJoseph*, No. 20-CV-3239, 2020 WL 1902427, at *2 (D.N.J. Apr. 17, 2020) (holding that Section 2702 pertains only "to actions for malpractice of physicians who work for the Department of State or any other federal department, agency or instrumentality") (quoting *Thomas v. Griffin Mem'l Hosp.*, 9 F.3d 1557 (10th Cir. 1993)). Second, because Plaintiff alleged that all parties are citizens of New York, she failed to show that the Court had diversity of citizenship jurisdiction to adjudicate the merits of her state law claims of negligence and medical malpractice. In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court granted Plaintiff 30 days' leave to replead her claim.

In her amended complaint, Plaintiff names only NYU and Gramercy Gynecology as defendants, removing Dr. Awosogba. (ECF 9.) Plaintiff reiterates the factual allegations

andagain cites Section 2702. (*Id*. at 2.) In this amended complaint, Plaintiff adds claims under 18 U.S.C. §§ 113, 114, and "PBH 24-A-2442" and "PBH 2805-D." (*Id.*)

## DISCUSSION

### A. Previously asserted claim

Plaintiff's previously asserted claims are dismissed for the reasons set forth in the Court's June 9, 2025 order. In short, Plaintiff fails to allege facts giving rise to any federal causes of action, and in the absence of complete diversity of citizenship, the Court lacks subject matter jurisdiction of any state-law claims.

### B. Newly asserted claims

#### 1. Claims arising under federal criminal statutes

Plaintiff invokes 18 U.S.C. §§ 113 and 114, which penalize "Assaults within maritime and territorial jurisdiction" and "Maiming within maritime and territorial jurisdiction." There are no claims in Plaintiff's amended complaint that involve maritime law. Moreover, Plaintiff cannot assert claims under federal criminal statutes. The "decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Additionally, neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding because only prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Accordingly, Plaintiff lacks standing to cause the federal criminal prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973). The Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including the defendants. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*,

3

683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim." (internal quotation marks and citation omitted)).

### 2. "PBH 24-A-2442" and "PBH 2805-D."

Plaintiff cites to "PBH 24-A-2442" and "PBH 2805-D," which the Court understands to refer to provisions of New York States's Public Health Law. For the reasons set forth in the June 9, 2025 order, the Court lacks jurisdiction to consider the merits of any state-law claims Plaintiff seeks to assert.

### C.  Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### D.  Further leave to amend denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   July 21, 2025
         New York, New York

                                            /s/Kimba M. Wood
                                           KIMBA M .WOOD
                                         United States District Judge

5